**UNITED STATES for Use and Benefit of MARIO PANDOLF CO., Inc. v. NASSIF et al.**

**No. 4596.**

United States Court of Appeals First Circuit.

March 6, 1952.

---

Reuben L. Lurie, Boston, Mass. (Lurie, Alper & Gorovitz, Boston, Mass., on the brief), for appellant.

James Charles Roy, Boston, Mass., for appellees.

Before CLARK, WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a final judgment entered on a directed verdict for the defendants in an action brought under § 2 of the Miller Act, so called. 49 Stat. 794; 40 U.S.C.A. § 270b.

The use plaintiff, Mario Pandolf Company, Inc., is a Massachusetts corporation which in October, 1942, owned a gasoline shovel and a grease gun to go with it. On October 29 of that year by written agreement it leased the above property to a Massachusetts citizen named John Gallo for an indeterminate period of time at a stipulated monthly rental, Gallo agreeing to maintain the property in good working order and to return it "in the same condition as received, namely A-1 condition, less reasonable wear and tear." Gallo moved the property from its location in New Bedford, Massachusetts, to the military airfield in Bedford, Massachusetts, where Gallo expected to use it in performing work as a subcontractor under David Nassif, another Massachusetts citizen, who as the prime contractor with the United States was engaged in enlarging the field. Gallo and Nassif, however, never came to final terms, and Gallo never performed any work on the airfield as a subcontractor under Nassif. The property lay on the field unused until November 28 when an employee of Nassif began to use it in the prosecution of his employer's contract. The property was so used until December 17 when the shovel suffered a major breakdown and it remained at the field thereafter until the plaintiff removed it in July 1943. Apparently Gallo knew that the shovel was being used, but did not know who was using it until after the breakdown.

In this action recovery under the Miller Act is sought against Nassif and his sureties for the fair rental value of the shovel, and also for the damage it is alleged to have sustained by reason of Nassif's negligence. Concededly the procedural requirements for suit under the Act were complied with, so the sole question is whether the use plaintiff qualifies as one who is entitled to bring suit under the Act.

Undoubtedly property belonging to Pandolf contributed to the prosecution of the work called for in Nassif's prime contract, and apparently Nassif never paid anyone for the use of that property. But, also undoubtedly, Pandolf never had any direct dealings with Nassif, and Gallo, with whom Pandolf dealt exclusively, was never a subcontractor under Nassif. And in Clifford F. MacEvoy Co. v. United States for Use and Benefit of Calvin Tomkins Co., 1944, 322 U.S. 102, 107, 64 S.Ct. 890, 894, 88 L.Ed. 1163, the Supreme Court said: "The proviso of Section 2(a), which had no counterpart in the Heard Act, makes clear that the right to bring suit on a payment bond is limited to (1) those materialmen, laborers and subcontractors who deal directly with the prime contractor and (2) those materialmen, laborers and sub-contractors who, lacking express or implied contractual relationship with the prime contractor, have direct contractual rela-

tionship with a subcontractor and who give the statutory notice of their claims to the prime contractor. To allow those in more remote relationships to recover on the bond would be contrary to the clear language of the proviso and to the expressed will of the framers of the Act."

Thus as we see it the present action cannot be maintained, and the use plaintiff herein must have resort to whatever remedies may be available to it aside from the Miller Act.

The judgment of the District Court is affirmed.